IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM MICHAEL TOMAINE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 20-3991** |
| | : | |
| **COMMONWEALTH,** *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                February 22, 2021

Adam Michael Tomaine, a pretrial detainee at the Lehigh County Jail, pro se petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Mr. Tomaine contests the legality of his pretrial incarceration, alleging unlawful detention, false arrest, lack of probable cause, false imprisonment, excessive bail, malicious prosecution, and violation of his right to a speedy trial.

Mr. Tomaine's trial in the Lehigh County Court of Common Pleas is scheduled to begin March 1, 2021. Mr. Tomaine must exhaust his state remedies before petitioning this Court for federal habeas relief or provide us with extraordinary circumstances justifying his failure to exhaust his state court remedies. Having failed to exhaust his state remedies or show extraordinary circumstances, we deny Mr. Tomaine's petition. We also find no basis for a certificate of appealability.

**I.     Facts**

Allentown police arrested Adam Michael Tomaine on April 3, 2020 on charges of resisting arrest and defiant trespass. At an April 4, 2020 preliminary hearing, the Lehigh County Court of Common Pleas set bail at $50,000, later reduced to $15,000. Mr. Tomaine is confined at the Lehigh County Jail. The Lehigh County Public Defender appears on the docket but has not entered its appearance for Mr. Tomaine because he wishes to proceed pro se but, according to him, is "not being allowed."[2]

Beginning in April 2020, Mr. Tomaine filed multiple pro se motions in the Lehigh County Court of Common Pleas including: a petition for dismissal; a petition for habeas corpus; three motions for pretrial discovery and inspection; motion to quash transcript; motion to challenge arrest and/or probable cause; motion to produce stenographic transcript; motion to move counsel to stand-by; motion to suppress evidence and/or statements; motion to challenge arrest; motion to reduce bail; motion to secure funds for expert and expenses; "petition for nominal bail/demand for speedy trial/Brady rule/veracity challenge"; "motion to bar the Term 'victim' (sic)/emergency motion for bail modification"; and, most recently in January 2021, another motion for pretrial discovery and inspection; and, motion to dismiss.[3] The trial court ruled on some of these motions.

On November 13, 2020, Mr. Tomaine appealed to the Pennsylvania Superior Court from the trial court's August 19, 2020 order denying his "motion to challenge arrest."[4] On February 16, 2021, the Pennsylvania Superior Court *sua sponte* quashed Mr. Tomaine's appeal as interlocutory and did not rule on the merits of his appeal.[5]

## II. Analysis

Mr. Tomaine filed his section 2241 habeas petition in this Court on August 12, 2020.[6] Mr. Tomaine supplemented his petition on October 14, 2020.[7] The Lehigh County District Attorney responded to Mr. Tomaine's habeas petition on January 21, 2021.[8] No one has advised trial is not set to begin next week.

"When judgment against a petitioner in state criminal proceedings has not yet been entered and a petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under 28 U.S.C. § 2241 . . . ."[9] Section 2241(c)(3), allows a habeas petition to pretrial detainees if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."[10]

2

While we have jurisdiction to grant a petition for writ of habeas corpus to a state pretrial detainee, a petitioner must exhaust his state remedies before seeking relief in federal court absent extraordinary circumstances.[11] "Extraordinary circumstances" are "delay, harassment, bad faith or other intentional activity."[12]

Although section 2241 does not contain the same statutorily mandated exhaustion requirement as 28 U.S.C. § 2254(b), our Court of Appeals has long recognized exhaustion "developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241."[13] Exhaustion requires "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[14] "In Pennsylvania, petitioners afford the state courts that opportunity by fairly presenting their claims to the Superior Court, either on direct review or on appeal of a petition under Pennsylvania's [PCRA]."[15] "To fairly present a claim, a petitioner must introduce both the legal theory and its underlying factual support."[16]

Mr. Tomaine's claims of unlawful detention, excessive bail, false arrest, lack of probable cause, false imprisonment, malicious prosecution, and violation of his right to a speedy trial are unexhausted. The state trial court denied Mr. Tomaine's motions for discovery, motion to quash, motions to challenge arrest, and motion to suppress.[17] Mr. Tomaine appealed from the trial court's August 19, 2020 order denying his "motion to challenge arrest" to the Pennsylvania Superior Court. The Superior Court denied the motion as interlocutory.

A review of the record shows Mr. Tomaine presented the claims in his habeas petition to the Lehigh County Court of Common Pleas. The court denied his claims except for his September 2, 2020 motion to reduce bail which the trial court granted, reducing bail to $15,000. Mr. Tomaine filed an emergency motion for bail modification on November 19, 2020. The record does not

3

indicate the trial court ruled on the emergency motion. Assuming the Lehigh County Court of Common Pleas denied the claims Mr. Tomaine presents to us in his habeas petition, he failed to present them to the Pennsylvania Superior Court, with the exception of his "motion to challenge arrest" dismissed as interlocutory.

Mr. Tomaine fails to establish extraordinary circumstances justifying his failure to exhaust his state court remedies. Mr. Tomaine is scheduled for trial on March 1, 2021. We are cautioned by our Court of Appeals relief under section 2241 "should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of state criminal processes."[18] "Before he can seek relief in federal court under § 2241, [Mr. Tomaine] must exhaust all state remedies or establish extraordinary circumstances justifying an exception to the exhaustion requirement."[19]

The District Attorney argues we should dismiss Mr. Tomaine's habeas petition without prejudice to re-file, within the limitations period provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[20] after the state courts review his unexhausted claims. The District Attorney alternatively suggests we stay Mr. Tomaine's habeas petition and, if we issue a stay, specify in our order the petition will be dismissed if Mr. Tomaine does not return to this Court within thirty days of the final decision by the state court.

Given the procedural posture of the case and Mr. Tomaine's impending trial in the Lehigh County Court of Common Pleas, we dismiss Mr. Tomaine's habeas petition without prejudice to re-file if warranted.

We also find no basis for a certificate of appealability. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition."[21]

Section 2253 provides the standard for a certificate of appealability required for appellate review of a district court's judgment denying habeas relief:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[22]

A certificate of appealability "will issue only if the requirements of § 2253 have been satisfied."[23] A habeas petitioner seeking a certificate of appealability "need only demonstrate 'a substantial showing of the denial of a constitutional right.'"[24] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[25]

Federal Rule of Appellate Procedure 22 contemplates a district court issuing a certificate of appealability in the first instance:

> (b) Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28

U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.[26]

Given the standard we apply today to habeas challenges and failure to exhaust, we cannot find jurists of reason could disagree with our reasoning in denying the petition. Mr. Tomaine has not met his burden in showing a reasonable jurist would disagree with the denial of the petition.

### III. Conclusion

We dismiss Mr. Tomaine's habeas petition under 28 U.S.C. § 2241 without prejudice.

---

[1] ECF Doc. Nos. 1, 7.

[2] ECF Doc. No. 7 at 3, ¶ 5.

[3] *See* docket, *Commonwealth v. Tomaine*, CP-39-CR-0001285-2020, Lehigh Cnty. Court of Common Pleas. "In habeas cases, one court can take judicial notice of the docket of another court." *Abbott v. Pennsylvania Dept. of Corr.*, No. 06-1451, 2007 WL 1892597, at *2, n.2 (W.D.Pa. June 28, 2007) (collecting cases).

[4] *See* docket, *Commonwealth v. Tomaine*, 2198 EDA 2020, Pa. Super. Ct.

[5] *Id.*

[6] ECF Doc. No. 1.

[7] ECF Doc. No. 7.

[8] ECF Doc. No. 16.

[9] *Sourbrine v. Warden George Hill Corr. Facility*, No. 19-6016, No. 20-1533, 2020 WL 5078107, at *1 (E.D.Pa. July 31, 2020), *report and recommendation approved and adopted*, 2020 WL 5076694 (E.D. Pa. Aug. 27, 2020).

---

[10] 28 U.S.C. § 2241(c)(3).

[11] *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975); *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (citing *Moore*, 515 F.2d at 443)).

[12] *Moore*, 515 F.2d at 447, n.12.

[13] *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)). *See also Callwood v. Enos,* 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241.") (citing *Schandelmeier*, 819 F.2d at 53)).

[14] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[15] *Rodland v. Superintendent of SCI Houtzdale*, No. 18-1892, 2020 WL 7385089, at *2 (3d Cir. Dec. 16, 2020) (citing *Lambert v. Blackwell*, 387 F.3d 210, 232–34 (3d Cir. 2004)).

[16] *Id.* (citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)); *see also Nara v. Frank*, 488 F.3d 187, 197–98 (3d Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam )) ("A petitioner has fairly presented his claim if he presented the same factual and legal basis for the claim to the state courts.").

[17] *See* Docket at trial court orders on July 27, 2020; July 28, 2020; August 17, 2020; August 19, 2020; and November 12, 2020.

[18] *Moore*, 515 F. 2d at 445–46.

[19] *Anderson v. Dist. Attorney of Lehigh Cnty.,* No. 20-04170, 2021 WL 22714, at *2 (E.D.Pa. Jan. 4, 2021).

[20] 28 U.S.C. §§ 2241–2254 (2018).

[21] *Miller-El v. Cockrell*, 537 U.S. 322, 335-37 (2003) (citing 28 U.S.C. § 2253).

[22] 28 U.S.C. § 2253 (2021).

[23] *Miller-El*, 537 U.S. at 336.

[24] *Id.* at 327 (citing 28 U.S.C. § 2253(c)(2)).

[25] *Id.* at 323 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[26] Fed. R. App. P. 22(b)(1).